# CIRCUIT COURT OF ROCKINGHAM COUNTY

Sandra Kay Deavers Sylvester,
Custodian for
Catherine Marie Deavers

v.

Jerry Stultz

February 12, 1999

Case No. (Chancery) 17076

BY JUDGE JOHN J. MCGRATH, JR.

This partition suit is before the Court on the Defendant's Demurrer and Plea in Bar. This is apparently a case of first impression in Virginia in interpreting § 31-41 and § 31-42 of the Virginia Uniform Transfers to Minors Act (Va. Code §§ 31-37 through 31-59) (hereinafter "VAUTMA").

## I. *Facts*

In 1988, the father of Catherine Marie Deavers and his hunting companion, Jerry Stultz, decided to buy a 62.6 acre tract of land in Rockingham County for use, among other things, as a hunting reserve. At the time of purchase, Catherine Deavers' father decided not to take title in his name and instead titled the one-half undivided interest in the property that he was going to purchase as follows: "Sandra Kay Deavers, as custodian for Catherine Marie Deavers under the Virginia Uniform Transfers to Minors Act (21)." The custodian was Mr. Deavers' wife and Catherine Deavers' mother.

It is apparently agreed among counsel that this was an arm's length purchase from unaffiliated grantors who were executors of the estate of Lehman H. Wittig. The Deavers, the father, the mother and their daughter, and Mr. Stultz apparently had no relationship whatsoever to the Wittigs and/or their estate and were simply purchasing the property as *bona fide* purchasers for value in an arm's length transaction.

Various improvements were made to the property over the years, and some time ago, Mr. Deavers passed away. At this point, the custodian for Catherine Marie Deavers has filed this partition action to have the land sold and to collect on behalf of her ward the value of the real estate and the improvements which she claims have been made by or on behalf of her ward.

## II. *Legal Issues*

Defendant has filed a Demurrer and Plea in Bar alleging that the Bill of Complaint does not state an appropriate cause of action because it has not been alleged that the sale to the custodian has not been properly confirmed by a court of proper jurisdiction, and therefore, the custodian has no standing to pursue this action. The Defendant's basis for his argument is the assertion that § 31-41 and § 31-42 of the VAUTMA require a court to approve the transfer from an executor or personal representative to a custodian if the value of the property to be transferred by the personal representative is in excess of $10,000.00. See § 31-42(C).

It is true that reading § 31-42(C) of the VAUTMA in isolation could lead one to believe that court approval is required for every sale (to a custodian under the VAUTMA) by a personal representative or trustee of property in excess of $10,000.00. However, when the VAUTMA is read in its entirety, it is clear that in context, § 31-42 is addressing transfers by a fiduciary to someone who is taking title as a recipient under the auspices of the legal document which gives rise to the personal representative, trustee, or conservator status. It would do violence to the entire purpose of the Act to read § 31-42 to apply to arm's length sales by fiduciaries to non-affiliated persons. Therefore, this basis of the Defendant's Demurrer and Plea in Bar is denied.

Secondly, Defendant argues that Plaintiff has not made sufficient allegations concerning by whom and in what manner the improvements were made on the property and whose funds were used. This, however, is a matter of proof and not pleading; therefore, the Demurrer and Plea in Bar are not sustained on that grounds.

It is further ordered based upon consideration of the pleadings and the issues that have been joined thereunder that this cause be and is hereby referred to Holmes C. Harrison, Commissioner in Chancery of this Court, who, after giving due notice of the time and place for executing this reference as required by law, will inquire and report as follows:

(1) Whether the facts and statements in the bill of complaint are true;

8

(2) Who are the owners of the real estate described in the bill of complaint and in what proportions;

(3) An account of all delinquent taxes, if any, on said real estate and all liens of record, if any, binding on said real estate, their amounts, and the order of their priority;

(4) What is the fair market value of the fee simple and annual rental value of said real estate;

(5) Whether the property is susceptible of partition in kind among the parties entitled thereto; and, if not,

(6) Whether any of the owners is willing to take the whole property and pay the other owners such sums of money as their respective interests may entitle them to; and, if not,

(7) Whether the interest of those entitled to said real estate or its proceeds will be promoted by a sale of said real estate and division of the proceeds; and, if so,

(8) Whether the proper parties are before the Court in this cause to enable the Court to effect such sale;

(9) Which owner is entitled to credit for improvements made, and the amount of such credits, if any;

(10) Any and all other matters deemed pertinent by said Commissioner in Chancery and such matters concerning which he is required to report by any party in interest, if the same be pertinent to the issues in this cause.

And the Commissioner shall make his report to the Court.

The Clerk is directed to send attested copies of this Order to M. Steven Weaver, Esq., counsel for Plaintiff, to Steven M. Blatt, Esq., counsel for Defendant, and to Holmes C. Harrison, Esq., Commissioner in Chancery. And this cause is continued.